**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARY LOU LEYH, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO.  H-07-0474 |
| SAM'S EAST, INC. d/b/a SAM'S CLUB FOCUS RECEIVABLES MANAGEMENT L.L.C., LVNV FUNDING, L.L.C. and GE MONEY BANK, f/d/b/a MONOGRAM CREDIT CARD BANK OF GEORGIA, | § § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST AMENDED DISCLOSURES
PURSUANT TO RULE 26(a) and RULE 26 (e)**

1. **The name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:**

    a. Mary Lou Leyh, 4 Glendenning, Houston, Texas 77024, 713-464-5655,

      1) Mary Lou Leyh is the Plaintiff. She has factual information with regard to each of her claims.

    b. Steven A. Leyh, 4 Glendenning, Houston, Texas 77024, 713-464-5655,

      1) Steven A. Leyh, is husband of the Plaintiff, Mary Lou Leyh and has factual information with regard to the Plaintiff's claims.

    c. Keith McBride, In-House Counsel, GE Money Bank f/d/b/a Monogram Credit Card Bank in Stanford Connecticut, 203-585-6295.

      1) Stated that "this whole thing is a mess" and "the buck stops here" and that he would get this resolved without further litigation.

    d. Sam's East, Inc. d/b/a Sam's Club, 702 S.W. 8th Street, Bentonville, Arkansas 72716; and/or

Registered Agent of Sam's East, Inc. d/b/a Sam's Club, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 95201, (214) 979-1172; and/or

President C. Doug McMillon, 702 S.W. 8th Street, Dept. 8687, Bentonville, Arkansas 72716;

c/o Attorney for Sam's East, Inc., Robert D. Arredondo, 5847 San Felipe Road, Suite 1500, Houston, Texas, 77057, (713) 783-7070.

    1) Sam's East, Inc. issued a Sam's Club credit card to Plaintiff. This line of credit, and the false charges and other wrongful conduct made the basis of the underlying dispute are the responsibility of Sam's and its agents and representatives.

e. Corporate Representative(s) of Sam's East, Inc. d/b/a Sam's Club, 702 S.W. 8th Street, Bentonville, Arkansas 72716.

    1) Sam's East, Inc. issued a Sam's Club credit card to Plaintiff. This line of credit, and the false charges and other wrongful conduct made the basis of the underlying dispute are the responsibility of Sam's and its agents and representatives.

f. Custodian of the books and records of Sam's East, Inc. d/b/a Sam's Club, 702 S.W. 8th Street, Bentonville, Arkansas 72716.

    1) The Custodian may have Information regarding the business records and other matters regarding documents of Sam's East, Inc. d/b/a Sam's Club.

g. Focus Receivables Management, LLC, 1130 Northchase Parkway, Suite 150, Marietta, Georgia 30067, 877-362-8766; and/or

Agent for service or process in Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, Texas 78701; and/or

Its Governing Person, Greg Schubert, at 1130 Northchase Parkway, Suite 150, Marietta, Georgia 30067;

c/o Keith Wier, Kandy E. Messenger, 5718 Westheimer, Suite 1755, Houston, Texas 77057, (713) 335-0141.

    1) Company responsible for wrongful conduct in connection with Plaintiff. Sam's East, Inc. issued a Sam's Club credit card to Plaintiff. This line of credit, and the false charges and other wrongful conduct made the basis of the underlying dispute are the responsibility of Sam's and its agents and representative that include this company.

h. Corporate Representative(s) of Focus Receivables Management, LLC, 1130 Northchase Parkway, Suite 150, Marietta Georgia 30067.

   1) Have knowledge of the wrongful acts of Focus Receivables Management, LLC.

i. Custodian of the books and records of Focus Receivables Management, LLC, P.O. Box 732060, Atlanta, GA 31139.

   1) The Custodian may have Information regarding the business records and other matters regarding documents of the company.

j. Various persons who are telephone bill collectors of Focus Receivables Management, LLC, P.O. Box 732060, Atlanta, GA 31139.

   1) Theses person may have Information regarding the attempts by Plaintiff to get this matter resolved and Defendants wrongful conduct related to dealing with Plaintiff.

k. LVNV Funding, LLC, P.O. Box 1976, Southgate, Michigan 48195; and/or

   LVNV's Registered Agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801, (302) 658-7581;

   c/o David Clayton Sander, 602 West 11th Street, Austin, Texas, 78701, (512) 478-4651.

   1) Company responsible for wrongful conduct in connection with Plaintiff. Sam's East, Inc. issued a Sam's Club credit card to Plaintiff. This line of credit, and the false charges and other wrongful conduct made the basis of the underlying dispute are the responsibility of Sam's and its agents and representative that include this company.

l. Corporate Representative(s) of LVNV Funding, LLC, P.O. Box 1976, Southgate, Michigan 48195.

   1) Have knowledge of the wrongful acts of LVNV Funding.

m. Custodian of the books and records of LVNV Funding, LLC, P.O. Box 1976, Southgate, Michigan 48195.

   1) The Custodian may have Information regarding the business records and other matters regarding documents of the company.

n. Various telephone bill collectors of LVNV Funding, LLC, P.O. Box 1976, Southgate, Michigan 48195.

   1) Theses person may have Information regarding the attempts by Plaintiff to get this matter resolved and Defendants wrongful conduct related to dealing with Plaintiff.

o. GE Money Bank f/d/b/a Monogram Credit Card Bank of Georgia, 4246 South River Boat Road, Suite 200, Salt Lake City, Utah, 84123, 800-250-5411; and/or

   Brent Wallace, President, GE Money Bank, 4246 S. Riverboat Road, Suite 200, Salt Lake City, Utah 84123;

   c/o Robert David Arredondo, 5847 San Felipe, Suite 1500, Houston, Texas 77057, (713) 783-7070.

   1) Company responsible for wrongful conduct in connection with Plaintiff. Sam's East, Inc. issued a Sam's Club credit card to Plaintiff, apparently through or in connection with this company. This line of credit, and the false charges and other wrongful conduct made the basis of the underlying dispute are the responsibility of Sam's and its agents and representative that include this company.

p. Corporate Representative(s) of GE Money Bank, 4246 South Riverboat Road, Suite 200, Salt Lake City, Utah, 84123, 800-250-5411.

   1) Have knowledge of wrongful acts of GE Money Bank.

q. Custodian of the books and records of GE Money Bank, 4246 South Riverboat Road, Suite 200, Salt Lake City, Utah, 84123, 800-250-5411.

   1) The Custodian may have Information regarding the business records and other matters regarding documents of the company.

r. Monogram Credit Card Bank of Georgia, P.O. Box 9769, Macon, Georgia 31297

   1) Company responsible for wrongful conduct in connection with Plaintiff. Sam's East, Inc. issued a Sam's Club credit card to Plaintiff, apparently through or in connection with this company. This line of credit, and the false charges and other wrongful conduct made the basis of the underlying dispute are the responsibility of Sam's and its agents and representative that include this company. This company was apparently later acquired by, or otherwise merged with, GE Money Bank.

s. Corporate Representative(s) of Monogram Credit Bank of Georgia, P.O. Box 981064, El Paso, Texas, 79998

        1) Have knowledge of wrongful acts of Monogram Credit Bank of Georgia.

  t. Corporate Representative(s) of Monogram Credit Bank of Georgia, P.O. Box 9769, Macon, Georgia 31297

        1) Have knowledge of wrongful acts of Monogram Credit Bank of Georgia.

  u. Custodian of the books and records of Monogram Credit Bank of Georgia, P.O. Box 9769, Macon, Georgia 31297

        1) The Custodian may have Information regarding the business records and other matters regarding documents of the company.

  v. Jane Kranack, Fraud Specialist, Monogram Credit Card Bank of Georgia, P.O. Box 9769, Macon, Georgia, 31297, 1-888-345-0518.

        1) Wrote letter to Plaintiff making false, misleading, and deceptive representations about the credit dispute, and may have other information related to the Plaintiff.

  w. Various Customer Service Representatives of Monogram Credit Card Bank of Georgia, P.O. Box 981064, El Paso, Texas, 79998, 1-800-964-1917.

        1) Have knowledge of Monogram Credit Card Bank of Georgia's accounts related to this matter.

  x. NCO Financial Systems Inc. f/d/b/a Great Lakes Coll Bureau Inc, 507 Prudential Road, Horsham, Pennsylvania 19044, 1-888-899-3531.

        1) Collection Agency sent demand letter to Plaintiff.

**2. Copies of, or descriptions by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

  a. Copies of the following attached and redacted documents are also available for inspection and copying at the location of Leyh & Payne, L.L.P., 1616 S. Voss, Suite 125, Houston, Texas 77057, (713) 785-0881, as follows:

    A. Bills from Sam's Club
      1) Monthly Bill from Sam's Club 12-13-2003
      2) Monthly Bill from Sam's Club 06-13-2004
      3) Monthly Bill from Sam's Club 07-13-2004
      4) Monthly Bill from Sam's Club 08-13-2004

       5) Monthly Bill from Sam's Club 09-13-2004
       6) Monthly Bill from Sam's Club 10-13-2004
       7) Monthly Bill from Sam's Club 11-13-2004
       8) Monthly Bill from Sam's Club 01-13-2005
       9) Monthly Bill from Sam's Club 02-13-2005
       10) Monthly Bill from Sam's Club 03-13-2005
       11) Monthly Bill from Sam's Club 07-08-2005

   B. Correspondence
       12) February 11, 2004 Letter from Jane Kranack/Monogram Credit Card Bank
       13) March 5, 2004 Letter from Sam's/ Monogram Credit Card Bank
       14) March 22, 2004 Letter to Sam's/ Monogram Credit Card Bank
       15) April 6, 2004 Letter from Jane Kranack
       16) May 6, 2004 Letter to Sam's/ Monogram Credit Card Bank
       17) June 1, 2004 Letter from Jane Kranack/Monogram Credit Card Bank
       18) July 7, 2004 Letter to Sam's/ Monogram Credit Card Bank
       19) August 3, 2004 Letter to Jane Kranack/Monogram Credit Card Bank
       20) August 4, 2004 Letter from Monogram Credit Card Bank
       21) June 29, 2006 Collection Letter from NCO Financial Systems Inc.
       22) December 7, 2006 Bill from Focus Receivables Management

   C. Reports
       23) June 5, 2006 Credit Report
       24) June 23, 2006 Credit Report
       25) EMS Credit Report
       26) July 10, 2006 Investigative Report from TransUnion

   D. Written Opinions of Experts
       27) To be provided after obtained, if any.

Copies of the above-described documents (MLL00001 – MLL00131) have been produced to the Defendants.

**3. Computation of any category of damages claimed by the disclosing party.**

Plaintiff is entitled to statutory damages of at least $94,100.00, which continues to accrue everyday that Defendants refuses to take the necessary steps to fix Plaintiff's ruined credit. This amount was calculated by taking the minimum amount of damages provided for violations of Tex. Fin. Code Ann. Each day that a false or erroneous credit report is maintained because of the acts of the Defendants, Plaintiff is damaged and is entitled to recover at least $100.00. $94,100.00 was reached by $100 per day from the date of the February 11, 2004 letter stating that the disputed amount and all associated finance charges had been credited to Plaintiff's account, and that the necessary corrections had been sent to all three major credit reporting agencies until the day the damages were calculated, but they continue to accrue; on February 11, 2004, and on June 1, 2004 date Defendants admit the true nature of the charges as being wrongful. Nonetheless, they continue to cause damage to the Plaintiff by refusing to remove the matter from her credit history.

       Plaintiff is entitled to damages for mental anguish, the amount of which will be determined by a jury.

       Plaintiff is entitled to exemplary damages, the amount of which will be determined by a jury.

       Attorney's fees to date are $3,880.00, which continues to accrue.

       Costs to date are $692.00 and continue to accrue.

       Expenses to date are $200.81 and continue to accrue.

4. **Insurance Agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

       None.

5. **The identity of any person who may be used at trial to present evidence under Rule 702 (Testimony by Expert), 703 (Bases of Opinion by Experts), or 705 of the Federal Rules of Evidence (Disclosure of Facts or Data Underlying Expert Opinion).**

1)    Steven A. Leyh,
       William L. Payne, or other
       representatives of the firm of
       Leyh & Payne, L.L.P.
       1616 S. Voss Rd., Suite 125
       Houston, Texas 77057
       (713) 785-0881

       Mr. Leyh is licensed to practice law in the State of Texas, and has been so licensed since June of 1977. He is licensed in state courts in the State of Texas, and all federal districts in the State of Texas. He is also licensed before the Fifth Circuit Court of Appeals.

       Mr. Leyh has practiced extensively in commercial litigation since June of 1977. He is familiar with attorneys' fees charged in cases such as this, in the Southern District of Texas, as well as in Harris, Brazoria, Galveston, Fort Bend, and Montgomery Counties. Mr. Leyh is expected to testify regarding the necessity of obtaining counsel in this matter, and the reasonableness and necessity of the attorney's fees incurred in the prosecution and defense of this cause of action. Further, he is expected to testify as to the reasonableness and necessity, or lack thereof, of any other attorney's fees asserted by any other party in this cause. He is also expected to testify in regard to the possible attorney's fees that might be incurred in the event of appeal to the Fifth Circuit Court of Appeals, or further appeal to the United States Supreme Court.

Mr. Leyh may have factual knowledge in regard to the dispute before this Court. Therefore, this witnesses may also give factual testimony and opinion testimony.

Mr. Payne has been licensed to practice law in the State of Texas since 1991. He is licensed in state courts in the State of Texas, and in the Federal District Court for the Southern District of Texas.

Mr. Payne has practiced extensively in commercial litigation since 1991. He is familiar with attorneys' fees charged in cases such as this, in the Southern District of Texas, as well as in Harris, Brazoria, Galveston, Fort Bend, and Montgomery Counties. Mr. Payne is expected to testify regarding the necessity of obtaining counsel in this matter, and the reasonableness and necessity of the attorney's fees incurred in the prosecution and defense of this cause of action. Further, he is expected to testify as to the reasonableness and necessity, or lack thereof, of any other attorney's fees asserted by any other party in this cause. He is also expected to testify in regard to the possible attorney's fees that might be incurred in the event of appeal to the Fifth Circuit Court of Appeals, or further appeal to the United States Supreme Court.

The Plaintiff reserves the right to supplement the disclosure of the Plaintiff's Experts.

Respectfully submitted,

By: /s/ William L. Payne               .
William L. Payne
Texas Bar No. 15670750
1616 S. Voss Rd., Suite 125
Houston, Texas 77057
713-785-0881  Telephone
713-784-0338   Facsimile

OF COUNSEL:

LEYH & PAYNE, L.L.P.
William L. Payne
Texas Bar No. 15670750
Karen M. Haley
Texas Bar No. 00785932
1616 S. Voss Rd., Suite 125
Houston, Texas 77057
713-785-0881          Telephone
713-785-0338          Facsimile

ATTORNEYS FOR THE PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded via ECF, certified mail, return receipt requested, and/or hand delivery, and/or by facsimile on this 6th day of June 2007, as follows:

Keith Weir
Barron, Newburger, Sinsley & Weir, PLLC
5718 Westheimer, Suite 1755
Houston, Texas 77057
kwier@bnswlaw.com

David C. Sander
Scanlan, Buckle & Young, P.C.
602 W. 11th Street
Austin, Texas 78701-2099
dsander@sbylaw.com

Robert Arredondo
Manning, Gosda & Arredondo
5847 San Felipe, Suite 1500
Houston, Texas 77057
rarredondo@mga-law.com

　　　　　　　　　　　　　　　　　　　　　/s/ William L. Payne                .
　　　　　　　　　　　　　　　　　　　　　　　William L. Payne